IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
NO. 7:07-CR-47-BO
NO. 7:11-CV-56-BO

| | |
|---|---|
| SHANNON ANDRE PETERS )<br>       Petitioner, )<br>)<br>v. )<br>)<br>UNITED STATES OF AMERICA, )<br>       Respondent. ) | **O R D E R** |

This matter is before the Court on Petitioner Shannon Andre Peters' Motion to Vacate under 28 U.S.C. § 2255 [DE 54], timely filed on March 2, 2011. The United States responded with a Motion to Dismiss on April 14, 2011 [DE 58]. In light of *United States v. Simmons*, 649 F.3d 237 (4th Cir. 2011) (en banc), this Court entered an Order on August 25, allowing the parties to update their Motions [DE 62]. Because Petitioner's previous state court convictions were not "punishable by a term of imprisonment exceeding one year," Petitioner's 28 U.S.C. § 2255 Motion is ALLOWED, Petitioner's conviction and sentence is VACATED, and Petitioner shall be RESENTENCED accordingly.

BACKGROUND

On April 11, 2007, the Grand Jury issued a two-count indictment that charged Petitioner in Count One with possession with intent to distribute a quantity of cocaine, in violation of 21 U.S.C. § 841(a)(1). Count Two charged Petitioner with distributing more than five grams of cocaine base (crack), in violation of 21 U.S.C. § 841(a)(1) [DE 1].

On July 3, 2007, Respondent filed a criminal information that charged Petitioner with distributing more than five grams of cocaine base (crack), in violation of 21 U.S.C. § 841(a)(1) [DE 13]. On July 9, the prosecutor filed a notice of intent to seek an enhanced penalty pursuant to 21 U.S.C. § 851 [DE 15]. On the same day, Petitioner pleaded guilty to the criminal information without a written plea agreement [DE 16].

On February 12, 2008, the Court held a sentencing hearing and sentenced Petitioner to 262 months of imprisonment, five years of supervised released, and ordered Petitioner to pay a special assessment [DE 31]. On February 19, 2008, Petitioner filed a notice of appeal [DE 29].

Petitioner's sentence was affirmed by the Fourth Circuit on August 3, 2009 [DE 39]. Petitioner then filed a motion for retroactive application of the Sentencing Guidelines for Crack Cocaine Offenses under 18 U.S.C. § 3582, which was denied on February 26, 2010 [DE 48]. Petitioner appealed that decision, which was dismissed by the Fourth Circuit for failure to prosecute [DE 52]. On February 2, 2010, Petitioner filed a petition for writ of certiorari in the United States Supreme Court, which was denied on March 8. Petitioner timely filed the instant Motion on March 2, 2011 [DE 54].

## DISCUSSION

Petitioner's claims can be classified into two categories: (I) challenges to the characterization of state convictions as "felonies" and (II) claims of ineffective assistance of counsel.

### I. Predicate Felonies After *Simmons*

In *Simmons*, the Fourth Circuit addressed which North Carolina state convictions under the Structured Sentencing Act are felony offenses, holding that the federal sentencing court looks to the "conviction itself" and, if the state sentencing court "never made the recidivist finding

necessary" to expose the defendant to a higher sentence, the Government "cannot now rely on such a finding to 'set the maximum term of imprisonment.'" *Simmons*, 649 F.3d at 243 (citing *Carachuri-Rosendo v. Holder*, 130 S. Ct. 2577, 2587 n. 12 (2010)).

The presentence report ("PSR") lists the prior convictions in ¶¶ 10 and 11 as the predicate convictions that may be used to enhance Petitioner's sentence. The judgment in *State v. Peters*, No. 03CRS052333, reflects that on February 17, 2005, Petitioner pleaded guilty to eluding arrest with aggravating factors and possession with intent to sell and deliver cocaine [DE 15-2 at 1]. The offenses were Class H offenses and his prior record level was IV. *Id.* The judgment reflects that the sentencing judge made no written findings because the terms of imprisonment were within the presumptive range. *Id.* Under North Carolina Structured Sentencing, Petitioner was sentenced to a minimum of nine months of imprisonment and a maximum of eleven months of imprisonment [DE 15-2]. *See* N.C. Gen. Stat. § 15A-1340.17(c)-(d). Therefore, Petitioner's drug conviction could not qualify as a prior felony conviction for the purposes of an enhanced sentence under 21 U.S.C. § 841(a)(1), and neither conviction could support a career offender designation under § 4B1.1 of the United States Sentencing Guidelines.[1]

To the extent that Petitioner seeks to challenge the timeliness of the filing under 21 U.S.C. § 851, this issue has already been evaluated by the Fourth Circuit in its Opinion of August 3, 2009 [DE 39] ("Although Peters alleged that, had he known of the full effect of the [21] U.S.C. § 851 information filed against him, he would have cooperated, there was no error...Peters was aware that the Government filed a § 851 information at the time of his arraignment.")

---

[1]Designation as a career offender pursuant to § 4B1.1 requires "at least two prior felony convictions consisting of a crime of violence, a controlled substance offense, or convictions consisting of both a crime of violence and a controlled substance offense." In light of *Simmons*, only the offense described in ¶ 7 of the PSR revised on October 1, 2007 serves as a predicate for this designation.

Because Petitioner raised these claims on direct appeal, he cannot use the present motion to relitigate these issues. *United States v. Crawley*, 309 F.2d 155, 156 (4th Cir. 1962); *Boekenhaupt v. United States*, 537 F.2d 1182, 1183 (4th Cir. 1976).

In light of *Simmons*, Petitioner was improperly convicted and sentenced based on a career offender designation and an enhancement under 21 U.S.C. § 851. Therefore, Petitioner's motion to vacate pursuant to 28 U.S.C. § 2255 must be granted.

## II. Ineffective Assistance of Counsel

In his initial Motion pursuant to 28 U.S.C. § 2255, Petitioner also raised ineffective assistance of counsel claims against his trial and appellate counsel. These claims are governed by *Strickland v. Washington*, 466 U.S. 668 (1984). Under *Strickland*, a prisoner alleging ineffective assistance of counsel must demonstrate (1) deficient performance, meaning that "counsel's representation fell below an objective standard of reasonableness," *id.* at 688, and (2) resulting prejudice, meaning that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different," *id.* at 694. In accordance with *Strickland*, the prejudice prong is evaluated first if the lack of sufficient prejudice can, alone, dispose of the ineffective assistance claim. *Id.* at 697. Courts must "judge the reasonableness of counsel's conduct on the facts of the particular case, viewed as of the time of counsel's conduct," and "[j]udicial scrutiny of counsel's performance must be highly deferential." *Roe v. Flores-Ortega*, 528 U.S. 470, 477 (2000) (citing *Strickland*, 466 U.S. at 689-90).

Petitioner claims that his trial counsel, Gale Adams and later, David Venable, were constitutionally ineffective because they each failed to object to the untimely filing of the United States' notice under 21 U.S.C. § 851. In a criminal trial, defense counsel has the authority to

manage most aspects of the defense without first obtaining the consent of the defendant. *United States v. Chapman*, 593 F.3d 365, 367-68 (4th Cir. 2010) (citing *Florida v. Nixon*, 543 U.S. 175, 187 (2004)). The matters that fall within counsel's discretion "primarily involve trial strategy and tactics, such as what evidence should be introduced, what stipulations should be made, what objections should be raised, and what pre-trial motions should be filed." *Sexton v. French*, 163 F.3d 874, 885 (4th Cir. 1998). To the extent that Petitioner challenges trial counsel's failure to object to the classification of his predicate crimes as "felonies," neither attorney can be held accountable for failure to anticipate the change in circuit law effected by the Fourth Circuit's holding in *Simmons*. *See United States v. McNamara*, 74 F.3d 514, 516-17 (4th Cir. 1996) (holding that an attorney's failure to anticipate a new rule of law is not constitutionally deficient). Therefore, trial counsel's assistance was not constitutionally ineffective.

Petitioner also claims that his appellate counsel, Richard Cannon, was constitutionally ineffective because he "failed to investigate any sentencing error that may have occured [sic]." However, Mr. Cannon did file an *Anders* brief, asking the Fourth Circuit to review the record. *See* DE 39; *Anders v. California*, 386 U.S. 738 (1967). Further, Petitioner's pro se brief raised several issues related to his sentencing. Appellate counsel is not obligated to advance every nonfrivolous argument that could be made. Rather, counsel is entitled to decline to appeal a nonfrivolous issue if he believes that it would dilute stronger arguments that can be offered. *Jones v. Barnes*, 436 U.S. 745, 752 (1983). Petitioner's ineffective assistance of appellate counsel claim must therefore be rejected.

## CONCLUSION

For the foregoing reasons, Petitioner's 28 U.S.C. § 2255 Motion [DE 54] is ALLOWED, Petitioner's conviction and sentence is VACATED, and this matter will be SET FOR

RESENTENCING by separate notice. The United States' Motion to Dismiss [DE 58] is DISMISSED as MOOT.

**IT IS SO ORDERED**, this the 19 day of October, 2011.

Terrence Boyle
TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE